### In re VISA/MASTERCARD ANTITRUST LITIGATION

#### No. 1575.

Judicial Panel on Multidistrict Litigation.

Dec. 11, 2003.

Before WM. TERRELL HODGES,[*] Chairman, JOHN F. KEENAN, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ[*] and ROBERT L. MILLER, Jr., Judges of the Panel.

## TRANSFER ORDER

JOHN F. KEENAN, Acting Chairman.

This litigation presently consists of six actions: four actions in the Eastern District of New York and one action each in the District of Minnesota and the Western District of Pennsylvania. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Minnesota and Pennsylva-nia plaintiffs[1] to centralize the actions in this litigation in the Eastern District of New York for coordinated or consolidated pretrial proceedings. Plaintiffs in three of the four New York actions[2] join in this motion. Defendants Visa U.S.A., Inc. (Visa) and MasterCard International, Inc. (MasterCard) ask the Panel to deny this Section 1407 motion on the ground that defendants' motions to transfer the Minnesota and Pennsylvania actions under 28 U.S.C. § 1404(a) to the Eastern District of New York are pending and, if granted, would moot plaintiffs' Section 1407 motion.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All six actions share factual questions relating to allegations that Visa and MasterCard's "Honor All Cards" policy violates the Sherman Antitrust Act. Plaintiffs are merchants who opted out of the New York Visa Check/Master Money Antitrust litigation settlements.[3] Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of New York is an appropriate transferee district for this litigation. We note that Judge John H. Gleeson in the Eastern District of New York has become thoroughly familiar with the allegations in

---

[*] Judges Hodges, Selya and Motz did not participate in the decision of this matter.

1. The Minnesota plaintiffs: Best Buy Stores, L.P., Magnolia Hi–Fi, Inc., and Geek Squad, Inc. The Pennsylvania plaintiffs: Giant Eagle, Inc., Riser Foods Co., and The Tamarkin Co.

2. Toys "R" Us, Inc.; Home Depot U.S.A., Inc.; and CVS Corp. and CVS Pharmacy, Inc.

3. *In re Visa Check/Master Money Antitrust Litigation*, E.D. New York, Master File No. 96–CV–5238.

these six actions as a result of his seven year involvement with the New York class action litigation and accordingly is well positioned to conduct pretrial proceedings in these opt-out actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the Eastern District of New York are transferred to that district and, with the consent of that court, assigned to the Honorable John H. Gleeson for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*MDL–1575—In re Visa/MasterCard Antitrust Litigation*

*District of Minnesota*

*Best Buy Stores, L.P., et al. v. Visa U.S.A., Inc., et al., C.A. No. 0:03–3384*

*Eastern District of New York*

*Meijer Stores Limited Partnership, et al. v. Visa U.S.A., Inc., et al., C.A. No. 1:02–4668*

*Toys "R" Us, Inc. v. Visa U.S.A., Inc., et al., C.A. No. 1:02–6282*

*Home Depot U.S.A., Inc. v. Visa U.S.A., Inc., et al., C.A. No. 1:02–6790*

*CVS Corp., et al. v. Visa U.S.A., Inc., et al., C.A. No. 1:03–2334*

*Western District of Pennsylvania*

*Giant Eagle, Inc., et al. v. Visa U.S.A., Inc., et al., C.A. No. 2:02–2120*